IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| FOR THE USE AND BENEFIT OF JOHN § | |
| JAMAR CONSTRUCTION SERVICES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-14-3363 |
| § | |
| TRAVELERS CASUALTY AND § | |
| SURETY COMPANY OF AMERICA, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION GRANTING MOTION TO STAY AND
ADMINISTRATIVELY CLOSING CASE**

This is a Miller Act claim against a payment bond issued by a surety, Travelers Casualty and Surety Company of America, to Korte Construction Company as principal, in connection with a federal post office project in Harris County, Texas. Korte entered into a subcontract with John Jamar d/b/a John Jamar Construction Services in connection with the project. In this lawsuit, Jamar contends that Korte failed to pay at least $92,000 under the subcontract. Korte in turn contends that Jamar materially breached the subcontract, causing Korte to terminate it for default and resulting in Jamar owing Korte over $75,000.

The subcontract between Korte and Jamar includes a broad and mandatory arbitration clause, which Korte has invoked by filing and serving an arbitration demand on Jamar. (Docket Entry No. 11). Travelers, which is not a party to the subcontract and which does not have an arbitration provision in its surety contract with Korte, has moved to stay this case pending the arbitration between Korte and Jamar. Travelers asserts that the disputed issues in Jamar's Miller Act claim

1

against it in this lawsuit overlap substantially with the issues Jamar and Korte will resolve through the mandatory arbitration. Travelers asks the court to stay this litigation pending the outcome of the arbitration. (Docket Entry No. 10). Travelers relies on a number of cases either requiring or allowing a court to stay litigation between a signatory to an arbitration agreement and a nonsignatory when an arbitration between the signatories is pending involving closely related issues. The United States, appearing for the use and benefit of Jamar, acknowledges that the court may stay this case, (Docket Entry No. 12), but asks that a stay be conditioned on Traveler agreeing to be bound by the arbitration results. (Docket Entry No. 12).

Section 3 of the Federal Arbitration Act requires a stay of litigation on "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. The courts have recognized that a nonsignatory may obtain a stay against a signatory when the issues in the litigation between them substantially overlap with the arbitrable issues between the signatories. *See Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000). In *Waste Mgmt., Inc v. Residuos Industrials Multiquam*, 372 F.3d 339 (5th Cir. 2004), the Fifth Circuit identified the factors for deciding when a nonsignatory can obtain a mandatory stay of litigation under section 3 pending arbitration:

> [S]everal factors emerge for invoking § 3 on the application of a non-signatory: 1) the arbitrated and litigated disputes must involve the same operative facts; 2) the claims asserted in the arbitration and litigation must be 'inherently inseparable'; and 3) the litigation must have a 'critical impact' on the arbitration.

*Id.* at 343.

If a mandatory stay under section 3 is not applicable, a court may still exercise its discretionary power to stay claims between nonarbitrating parties pending the outcome of arbitration as a means of controlling and managing the docket and to preserve the purpose of the arbitration.

*See Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n. 23 (1983)).

In this case, the factors at a minimum support a discretionary stay of this litigation between Travelers and Jamar pending the outcome of the arbitration between Korte and Jamar. The legal and factual issues to be resolved in the arbitration of the underlying issues between Korte and Jamar substantially overlap with the issues raised in this litigation. A number of courts have stayed litigation when a subcontractor sues a surety under the Miller Act and the litigation substantially overlaps with arbitration between the subcontractor and prime contractor. *See, e.g.*, *U.S. for Use & Benefit of Capolino Sons, Inc. v. Elec. & Missile Facilities, Inc.*, 364 F.2d 705, 709 (2d Cir. 1966) (upholding the trial court's stay of the subcontractor's Miller Act claim pending arbitration between the prime and subcontractor); *U.S. ex rel. Tindall Corp. v. Satterfield & Pontikes Const., Inc.*, No. SA-14-cv-33-XR, 2014 WL 819478, at *3 (W.D. Tex. March 3, 2014) ("the claim against the surety Defendants is appropriately stayed in order to promote judicial economy and avoid the risk of conflicting judgments between this court and the arbitrator"); *U.S. ex rel. Tarant, LLC v. Federal Ins. Co.*, 672 F. Supp. 2d 92, 101 (D.D.C. 2009) ("It seems grossly inefficient to have the parties arbitrate and litigate at the same time or bear unnecessary expense and the risk of inconsistent results."). The factors these cases recognize as supporting a stay clearly apply here as well, and the United States does not argue otherwise.

The United States does argue that Travelers should not be able to obtain a stay of this litigation pending the outcome of the arbitration between Jamar and Korte without agreeing to be bound by the results of that arbitration. The United States does not cite a case conditioning a stay on a nonsignatory surety's agreement to be bound in its litigation with a subcontractor-signatory by

3

the results of the subcontractor's arbitration with the contractor. Conditioning the stay on preclusion would require Travelers to be bound by an arbitration proceeding in which it will not participate and could not be compelled to participate. The duty to arbitrate is one of contract; a court cannot compel parties to arbitrate issues they have not agreed to submit to arbitration. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). "The purpose of the FAA is to give arbitration agreements the same force and effect as other contracts — no more and no less." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004).

An arbitration agreement can be enforced as to a nonsignatory only if the nonsignatory is bound by that agreement under recognized contract or agency principles. *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 355–63 (5th Cir. 2003). Those principles are incorporation by reference; assumption; agency; veil-piercing/alter ego; estoppel; and third-party beneficiary. *Id.*; *Hellenic Inv. Fund, Inc. v. Det Nortske Veritas*, 464 F.3d 514, 517–20 (5th Cir. 2006) (enforcing a forum-selection clause against a nonsignatory to the contract when the nonsignatory received direct and substantial benefits from the signatory's contract performance). None of those principles appear to apply here. There is no basis to compel Travelers to arbitrate or be bound by the results of the proceeding.

The condition the United States seeks to impose is unnecessary. When courts grant mandatory or discretionary stays, the concern is not whether or how arbitration will influence the litigation, but whether the litigation will adversely affect the signatories' right to arbitrate their claims. *See Hill v. G.E. Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002) ("[I]f a suit against a nonsignatory is based upon the same operative facts and is inherently inseparable from the claims against a signatory, the trial court has discretion to grant a stay if the suit would undermine the

arbitration proceedings and thwart the federal policy in favor of arbitration."); *Waste Mgmt.*, 372 F.3d at 343 ("The question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration."). If the litigation is likely to impact the arbitration, a stay is appropriate to preserve the signatories' rights, even if the issues arbitrated to not sufficiently overlap with those subject to litigation so as to have preclusive effect in the litigation.

Courts have also issued discretionary stays at the request of nonsignatories if the resolution of the signatories' claims would aid in the resolution of the issues being litigated, even if the arbitral award would not have preclusive effect on the nonsignatory. *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007) (noting that "[i]n many instances, . . . district courts actually may prefer to stay the balance of the case in the hope that the arbitration might help resolve, or at least shed some light on, the issues remaining in federal court"); *Am. Home Assur. Co. v. Vecco Concrete Const. Co. of Virginia*, 629 F.2d 961, 964 (4th Cir. 1980) ("While it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action."); *Cobra N. Am., LLC v. Cold Cut Sys. Svenska AB*, 639 F. Supp. 2d 1217, 1227 (D. Colo. 2008) (the arbitration proceedings in Sweden would help to cast light on the Swedish legal principles that would apply in the litigation, even though the nonsignatory might not be bound to the arbitration's result); *Mosaic Underwriting Serv., Inc. v. Moncla Marine Ops., LLC*, Civ. A. No. No. 12-2183, 2013 WL 1556141, at *9 (E.D. La. Apr. 11, 2013) (grating a discretionary stay because "the outcome of arbitration in this case may be helpful to litigation").

The motion to stay this litigation between Travelers and Jamar pending the outcome of the

arbitration between Jamar and Korte is granted. This case is administratively closed pending the outcome of the arbitration. The parties to this litigation may move to have the case reinstated to the active docket within 14 days after the arbitration award is issued.

      SIGNED on February 23, 2015, at Houston, Texas.

                                  Lee H. Rosenthal
                             United States District Judge